UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20649-CR-MIDDLEBROOKS/GARBER

UNITED STATES OF AMERICA

v.

WENDELL MAXWELL,

    **Defendant.**
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Renewed Motion to Suppress Physical Evidence and Statement ("Motion to Suppress") (DE 24) and Motion to Compel Discovery About Confidential Informant ("Motion to Compel") (DE 25). The Government filed Responses (DE 34 and 35) to both of these Motions and the matter was referred to Magistrate Judge Barry L. Garber, who held a hearing on December 20, 2011 to consider the two Motions. (DE 39). At the hearing, Magistrate Judge Garber denied Defendant's Motion to Compel, stating that the "confidential informant was not a participant, is not necessary for the presentation of the government's case, and the defense is not deprived of any opportunity to effectively defend this case in the absence of this confidential informant." (DE 39 at 11). After the hearing, Magistrate Judge Garber issued a Report and Recommendation in which he recommends that Defendant's Motion to Suppress be denied finding that "[t]estimony and evidence presented by the government at the hearing clearly show the existence of such probable cause." (DE 38 at 4). Defendant then filed Objections to the Report and Recommendation (DE 41 and 42) on January 5, 2012.

This Court reviews *de novo* the portions of Magistrate Judge Garber's Report and

Recommendation objected to by Defendant. *See* 28 U.S.C. § 636(b)(1) (2011). After reviewing Defendant's Motions (DE 24 and 25), the Government's Responses (DE 34 and 35), the transcript from Magistrate Judge Garber's hearing (DE 36), Magistrate Judge Garber's Report and Recommendation (DE 38), and Defendant's Objections to the Report and Recommendation (DE 41 and 42), I find that Defendant's Motions should be denied.

First, the information provided by the confidential informant, Defendant's attempt to flee from the scene, and the retrieval of his firearm established probable cause for the Defendant's arrest. *See United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992) (finding probable cause to arrest "exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime").

The Court also finds the statements made by Defendant, "[Y]ou should have killed me, I'm a third striker, I can't go back," (DE 39 at 21) were made spontaneously and not as a result of any interrogation. The Defendant states that this remark was made in response to the arresting officer asking the Defendant what he was thinking when he reached for his firearm, before Defendant had been read his *Miranda* warnings. (DE 41 at 3). Even assuming Defendant's comment was made in response to the arresting officer's question,[1] this Court still finds that this statement should not be suppressed. The Supreme Court stated that "[a] practice that the police should know is reasonably likely to evoke an incriminating response from a suspect . . . amounts to interrogation. . . . [However,] the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit

---

[1] The hearing transcript reflects that Defendant was repeating that he was a third striker and that they police would have to kill him before the arresting officer asked Defendant what he was thinking by reaching for his firearm. (DE 39 at 20).

an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 302, 100 S. Ct. 1682 (1980). The Court finds that the arresting officer's question asking Defendant what he was thinking when he reached for his gun, and the officer's comment that they could have killed him for doing so, was not reasonably likely to elicit an incriminating response.

Finally, this Court finds that the Defendant cannot compel discovery about the confidential informant since his participation in the criminal activity was minimal, his testimony would not be helpful or relevant to the defense of the accused, and the Government has an interest in protecting his identity. *See United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985); *see also Roviaro v. United States*, 353 U.S. 53, 62, 77 S. Ct. 623 (1957). Since Defendant alleges to know the identity of the confidential informant, Defendant can presumably find him without this Court requiring the Government to disclose his identity and location.

ORDERED AND ADJUDGED that United States Magistrate Judge Garber's Report and Recommendation (DE 38) dated December 22, 2011 is hereby RATIFIED, ADOPTED and APPROVED in its entirety. It is further

ORDERED AND ADJUDGED that Defendant's Renewed Motion to Suppress (DE 24) and Motion to Compel (DE 25) are DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 12 day of January, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

Copies to: Counsel of Record